So the first case to be argued, cases to be argued, 25-460 and 25-7765, Stillen v. Commissioner of International Revenue v. S.Crow Collateral. Counsel, if you can give me one minute, I'm just sort of setting up here, shuffling things around. Just a second. Okay, I'm all set. You can, you may proceed. Thank you. Good morning. May it please the Court. My name is Kathleen Pakenham. I'm appearing today on behalf of S.Crow Collateral. These two cases are consolidated for oral argument today, and as I understand it, Your Honors, I have 15 minutes for argument in both cases, and I will reserve, with the Court's permission, five minutes for rebuttal. You bet. Yes. Thank you, Your Honor. Before I get to my argument, I want to make sure that we're all focused on the issue at hand. This is a dispute about whether or not records should be sealed from public disclosure. It's not about whether or not the documents are relevant. It's not about whether or not the documents are admissible in evidence. It's not about whether the government or the tax court can rely on or use these documents in the case. It's simply a question of whether or not these confidential tax records should be sealed under the rules of the United States tax court. Okay, now, just so that we are clear, you agree that the issue is the same in both cases? I agree that the issue is the same in both cases. They are in a little bit of a different procedural posture in front of the tax court. The rationale in the two orders were different. Two different judges of the United States tax court issued two separate orders, but fundamentally, Your Honor. As it comes to us, it's the same issue? It is, Your Honor. Absolutely. Thank you. There's no question that the IRS disclosed confidential tax information in its filings in the U.S. tax court. The United States admits it. The IRS admits it. Counsel, could you get right to the burden? I'm going to tell you, so you don't have a lot of time, but I'm going to tell you what my problem is. So we have a presumption of open courts. And then in this case, Congress saw fit to pass a statute that you're very familiar with. So I think that it's clear, and we're very familiar with sealed records and who's got the burden, and it's always the party who wants to have the records sealed in a first party context. Yes. The problem for me in this case is that we're not. The escrow was not a party to the proceeding. The government, of course, says it was a triangular relationship. And so I'm very interested in the burden.  And the burden question is really teed up primarily in the Stillon case. And our issue with the order in the Stillon case is we think that the court put the burden on the wrong party. And let me get right to your point, Your Honor, which is 6103A. And I won't belabor the point here, is a general prohibition on the disclosure of confidential return information. No question that this is confidential return information. The IRS relies on an exception to that statute, 6103H4C, in order to say that it should be permitted to disclose this information in the tax court. The United States Tax Court put the burden on escrow collateral to not only prove that the information sought to be disclosed was confidential return information, which everyone admitted, but also to disprove every single one of the exceptions found in 6103C through 0. Now, as a non-party, that puts you in an incredibly untenable position in order to come forward in your request to seal, to disprove, to anticipate the argument that the United States or IRS might make about why it thinks it should be permitted to disclose that information in the case, which is exactly what happened here. I want to drill down on what your argument is to make sure I'm clear. You said something to start off with that leaves me a little bit puzzled. So is your client disputing the IRS's ability to disclose this information to the tax judge? Well, in the first instance, well, it's a great question, Your Honor. I think it's a very important question, so I'm very anxious to hear your answer. Good. Good. So I would say the cat's already out of the bag, right? So our view is that the United States should not have disclosed this information, that it was a violation of Section 6103 for them to have done so. So to the tax judge, to anybody participating in that tax procedure or proceeding to disclose it at all, that's your argument, that it shouldn't have happened? Our argument is that it shouldn't have happened, but our remedy is not suppression or exclusion of the evidence. The it in Judge Forrest's question, as I understand it, is that this tax return information shouldn't have been disclosed even to the judge. Was that the position you're staking out? Yes, absolutely, under 6103. So under your view, this is important, under your view, the IRS wouldn't have been permitted to file it with the judge under seal? That's what we're asking. I understand the question, Your Honor. And your answer to that is yes? My answer to that is that the IRS was not permitted to disclose it in any circumstance under any of the exceptions under 6103. And to follow up on that point, the reason that you're taking that position is because you think that this relational, this transactional relational, I don't have the right phrasing in my mind, transactional relationship exception isn't met here. That's correct, Your Honor. That's the basis for why you think that it shouldn't have been disclosed even to the tax judge. That's correct.  But the question here is really whether or not, having been disclosed, whether or not it should have been sealed. Ordinarily, documents that are under seal are available to the court. That's correct. They're not publicly available. So I don't understand why you would take the position that it can't be disclosed to the judge, especially since the overall statute is that court proceedings are public. That's right, Your Honor. But I want to distinguish between two different things. One is whether or not I agree with you completely that documents that are under seal are available to the parties and to the court. No quarrel with that. The question that I understood was being asked is whether or not I thought that the documents could have legally been disclosed to the tax court in the first place under Section 6103. And the answer to that is no. And I can see the skepticism on the court's face. So I want to make a very important distinction here, which is to say that the issue is not whether or not these documents, as they exist by themselves, could not have been put in front of the court. The issue is that the IRS went into confidential tax return files and took that information and disclosed it. What the IRS could have just— So I think it just seems you're biting off a lot more than you need to for your argument. And you probably have C3 skeptical faces if you're talking about not being able to produce this to the judge, because in this case, it seems to me, the issue is whether they could have been publicly disclosed. And that's a much easier lift. And I have real questions about who had the burden, given there's a third-party scenario here. But let me just ask you, opposing counsel, I'm just mindful of the clock, and you know he's raised this issue in his responsive brief. The government's position is that regardless of who had the burden, they met it, or your client didn't, because your client, I think, has left the tax court to figure out which pages, which parts of the tax return were really subject to the confidentiality concern. And I don't think there was any attempt to parse the documents. What about that?  Happy to address that, Your Honor. So they're different in the two cases that we're talking about. So with respect to Stillon, that is the argument, which is that escrow collateral had the burden to go through the entire submission and basically do a line-by-line redaction as part of its motion to seal. Of course, this was emergent. We filed our motion to seal the same day that these documents were put on the court's public docket. With respect to that, Your Honor, the IRS came forward with absolutely no evidence, no declarations, no attachments, nothing other than attorney argument about why it met the exception under Section 6103H with respect to disclosure of information. And there's two parts to that test. The question is, first, whether or not it is directly relevant to the transactional relationship. And the second is whether or not it directly affects an issue in dispute. And I want to make sure that we're focused on there is no argument that there was a transactional relationship between escrow collateral and the taxpayers in this case. No question about that at all. The only question is whether or not the information that was disclosed, which makes no mention of any of these particular transactions, which makes no mention of any of these particular taxpayers, is directly related to that transactional relationship. There is no triangular relationship test found in 6103. Yes, Your Honor. Is that a question of fact or a question of law? Well, there's both. There's both here. So if you look at the documents, there is a question of fact as to what's actually in those documents. And do they directly relate to the transaction? Well, there's no question. We have the documents. You have the documents. And there's no question about what the documents were that were disclosed. And to answer your question, Your Honor, which is that they were very clearly identified and described in the motion to seal as to what they were. You have to be taking the position. Forgive me for interrupting. You have to be taking the position that all of it was required to be sealed. Yes, Your Honor, because all of it was either taken directly from escrow collateral's audit file or with respect to the expert report. It was so intertwined with the language of that report that you couldn't separate those two things. Did you make that showing? Did your client make that showing at any stage? Yes, Your Honor. Yes, absolutely. I think there's no question truthfully about that. But before you sit down for saving your time for rebuttal, I have one other question. I think I know the answer, but I want to be clear. I don't hear you making any different argument than this exception wasn't satisfied as a basis for sealing these documents. Am I right about that? That's correct, Your Honor. And I guess I lied. I have two questions. So that's the first one. The second one is, as I read this exception, it says that if you meet it, then the IRS can disclose tax return information for a judicial or administrative proceeding pertaining to tax administration. Yes. So as I read that, that would mean if you've met this exception, then you get to release it to the judge, to the parties in the adjudication, and also to whoever else gets to see information in an adjudication. Would you agree with me? Yes, absolutely. Thank you. Thank you, Your Honor. Would you like to reserve the bulk of your time? I would. Thank you, Your Honor. Sure. We'll hear from opposing counsel, please. May it please the Court, Jeff Klimas for the Commissioner. The central issue in the tax court petitions filed by the Stillins and the Hardees is whether the monetized installment sale transactions promoted and facilitated by the escrow collateral corporation, or SCCC, lack economic substance. I think the central issue is who had the burden.  And could you speak to that? I know I'm derailing. I see you shuffling your papers, because I've derailed your outline now. But just so you know, that's my problem on this case. Yes, Your Honor. So we would start with the fact that there's a presumption of open proceedings, both a common law presumption as well as the fact that Congress has codified that for tax court proceedings. And then there's this Court's precedent that says that the burden is on the party seeking to seal information. That's what this Court said in Comic-Con. In any kind of proceeding. Correct. Yep. Right. And so then we say, well, is there something that has changed the burden? Is there something that has altered that? I know that the primary argument that's being raised by SCCC here is that because 6103H4, talking about the transactional relationship test, is an exception to a general rule, then therefore the burden should be on the party asserting that exception. We would say that that is generally true. But if you look at what those cases say in particular. Kind of just forgive me. Absolutely. So we start with the presumption of open courts. Yes. And that's why typically the party who wants to have something sealed has the burden. Right. And then Congress saw fit to enact this statute. So we have to give effect to that statute. Absolutely, Your Honor. Okay. So now we're back to the presumption is when it comes to tax returns, those are confidential. Subject to 13 separate exceptions, many of which have subparts. Right. And so when we're talking about are these narrow exceptions or are these broad exceptions, we're talking about some exceptions. We're first talking about who's got the burden to prove the exception because Congress legislated, right?  I just want to make sure that you're not skipping that step or you're explaining to me why you're skipping it if you're skipping it. Okay. So there is a default rule that returns and return information are confidential under Section 6103A, but it says shall not be disclosed except as permitted by this title. Right. Except as permitted with herein. Yep. And then it specifically talks about these exceptions, some of which are extraordinarily broad. That's the part we know. I'm trying to figure out if you think that the government had the burden to establish the exception because it's the one who wants to file something that Congress has said is confidential. We would say that Congress also said that in these situations, it's not confidential. And if you look at that general rule about exceptions, right, this general rule about exceptions, it says that. Who has to prove that? You keep skipping who's got the burden to prove the exception, sir. Isn't it the IRS? We would submit that we don't think that it's the IRS under these circumstances. Well, the circumstance we've got is a third party. I mean, that's baked into my question. It's not a taxpayer IRS circumstance. This is somebody else's return, right? That's correct, Your Honor, although we think that the analysis would be the same even if it were the taxpayer. So, right, in these two cases, the IRS has not just filed SCCC's return information. It's also disclosed the return information of the Stillings under Section 6103H4A. And the Hardee's under 6103H4A.  And we don't think that we think that the burden would be the same in those instances, that it would still be on the taxpayer to show that there's a violation of 6103, rather than incumbent upon the government to show compliance with 6103. Let me ask you, this is, let me ask you this. There's a general, there is a general provision that the proceedings in, that while tax returns are confidential, they are the, that judicial proceedings are open. Yes, Your Honor. And there is a provision that says that return information is confidential.  And it would be the burden on the taxpayer to show that this is return information.  Which has been met. You don't dispute that. That's correct, Your Honor. Then it's supposed to be confidential, but there are certain exceptions. And one of the exceptions is if there's a transactional relationship with the, with the taxpayer. Yes, Your Honor. Okay. Now, is, the question is, are there any, my problem is what is disputed there as to the facts of the relationship? Your Honor, I don't think that there is really a dispute about the facts of the relationship. I think that, that there's not really a dispute in terms of the way these transactions are playing out. Right? That there is this triangular relationship between the taxpayers, the Stillings and the Hardys, SCCC, which promoted these arrangements, and Alpha Holdings and the other Alpha entities, in terms of the way these transactions were structured. I think that they are, these relationships are all structured as part of a larger transaction. And in looking at this from an economic substance standpoint, this court in Sloan said you have to look at those transactions holistically. So no matter who has the burden with respect to this transactional exception, the facts are out there and not basically disputed. That's correct, Your Honor. I think that we meet the transactional relationship test regardless of who has the burden of proof. I understand that it's perhaps important to discuss the burden of proof, but we would say that under Sessial A, it's irrelevant because the result comes out. It only really matters that there's a tie in terms of the evidence. And so if these facts meet the exception for a transactional relationship, then it can be disclosed, right? That's correct, Your Honor. What's the best authority for, when you have a dispute, no matter what context it arises, when you have a dispute about whether an exception that would allow disclosure of otherwise confidential information is met, who has the burden to show the exception is met? What's the best authority? So I think we would direct this court to the Kerry case, which talks specifically about that normally the rule is that the party who's relying on an exception has the burden of showing that that exception is met. However, if that exception negates an element of the claim, then the burden is on the party who's making the claim. And so the analogous cause of action would be an unauthorized disclosure claim under Section 7431, which requires the plaintiff to not simply prove that their return information was disclosed, but to show that it was disclosed in violation of Section 6103. They can't simply come in and plead, my return information was disclosed, therefore I'm entitled to damages. But the party making the claim here isn't escrow. It's a taxpayer. And so I don't know that you've persuaded me, maybe you don't want to try anymore, about who's got the burden. Could you, at some point in your remarks, you've taken out the, staked out the position in your briefing that you think you've met it either way. That's correct, Your Honor. And so we think that it is escrow that's making this argument because they're the ones coming in and alleging that there's a violation of 6103, that their privacy rights are violated. But turning to this other inquiry, which is, is the test satisfied? Is the transactional relationship test satisfied? There's three elements to that test. The first is that it has to be a judicial or administrative proceeding pertaining to tax administration. No one disputes that that's the case here. The second element is that the return information must be directly related to that transactional relationship. Certainly, Judge Kerrigan, in the Hardy case, makes a finding that there is a series of interrelated relationships that she's going to examine in making her economic substance inquiry. She says that, and in fact, Judge Marvel, in the Stillen case, says that yes, there is this multi-tiered transactional relationship that you can't just knock out one leg of the triangle and pretend that's not happening because again, the economic substance doctrine is decided holistically. In fact, Congress in 7701 said that the economic substance doctrine, for purposes of that doctrine, the word transaction means, includes a series of transactions. Right? And so if you look at the way the courts have applied that particular prong of the transactional relationship test, I'll highlight a couple cases, Nosky and Ryan. In Nosky, the District of Minnesota, affirmed by the Eighth Circuit, dealt with a series of transfers that were part of a fraudulent transfer scheme. The property starts with the delinquent taxpayers, gets transferred to Mr. and Mrs. Nosky, gets transferred to Company One, gets transferred to Company Number Two. Company Number Two, when the property is in its hands, the IRS levies on the property, and Company Two brings a wrongful levy suit in which the IRS defends the levy by introducing return information of the Noskys who say, hey, hey, hey, we didn't have anything to do with Company Number Two. And the District Court dismisses that pretty easily, saying, the transactional relationship here is this transfer of the property again and again and again in this line. The fact that you did not personally deal with Company Two isn't the relevant inquiry, it's what is the broader sense of this transaction. That's consistent with what the District of Maryland did in the Ryan case, which was affirmed by the Fourth Circuit, which talked about a joint enterprise where there were individuals, three individuals who were involved in a casino skimming operation. They weren't passing money back and forth to each other, but they were involved in the same plan of organization in terms of what they were going to be doing to skim money. And therefore, it was appropriate to introduce one individual's return information in a case involving the other, because there was this transactional relationship. It doesn't have to be a bilateral contract, as Judge Kerrigan explained in her order. And again, that's consistent with the way the courts have applied this test. It's consistent with the plain meaning of the word transact.  Normally, when you apply a test to facts that aren't basically in dispute, it's a question of law, isn't it? That's generally true, yes. Whether it meets this legal test. Yes, I would agree with that. So is that essentially what we have here? I think that might be an appropriate framing of this, that certainly motions to seal are generally reviewed for abuse of discretion, but I don't think that there's any dispute as to the factual predicate here, and so this might just be a question of law for which de novo review would be appropriate. Right, you could have an error of law that's an abuse of discretion. Sure, sure. Okay, yes. And then in terms of that third prong of the test, is this transactional relationship directly related to resolution of an issue in the proceeding? And you don't have to take my word for it. You can actually take S. Crowe's word for it. So if you look at the Hardy case, and this is pages 56 to 57 of the excerpts of record, Ms. Pakenham, sister counsel here today, submitted a declaration saying that the three exhibits that are at issue in the Hardy case were submitted to the IRS in connection with a request by S. Crowe for the IRS to render an opinion as to the tax consequences of the MIS transactions that it was engaging in. It said, we want you to tell us what is the proper tax treatment of these transactions. Look at these documents, among others. It says that they're highly probative of the economic substance of the transaction. It says so. That was its position when it gave the documents to the IRS, and the IRS agrees. These documents are probative. That's why S. Crowe gave them to the IRS. That's why the IRS gave them to the tax court, because they're highly probative of what happened to the proceeds from the installment, from the sale of property, whether or not the installment sale payments were made and how they were made, and whether or not the loan payments were made and how they were made, which goes to the question of whether or not there was actual economic substance. It checks the boxes in terms of the factors that this court has routinely applied in looking at whether a transaction has economic substance. Is there a circular flow of payments? Are there offsetting obligations? Is the transaction more complicated than it need be, which is why the government was able to proffer experts who said, based on these documents, we don't think that this is a bona fide installment sale. We don't think this is a bona fide loan. We think that that prong is also met, and we think that's true regardless of who has the burden of the proof. Circling back to that point, what this court said in Cary is it talked about exceptions to a general rule, right? And it said that if you're talking about a cause of action, right, then you would say, well, does the exception negate an element of the claim? What we would say is, is there an unauthorized disclosure of return information? Not is there any disclosure, but is there an unauthorized disclosure? Is there a disclosure in violation of Section 6103? If they were pleading this as an unauthorized disclosure claim, we think they would have to submit facts that show that it falls outside a permissible disclosure. They couldn't just say our return information was disclosed in a proceeding pertaining to tax administration, full stop. They'd have to plead some facts to bring them outside of that claim. Similarly, let's say that the government was bringing a criminal claim, a criminal indictment against someone for wrongful disclosure or inspection of return information under Section 7213 or 7213A. The government could not say an IRS employee inspected and disclosed return information, full stop. Now that individual has the burden of coming forward as an affirmative defense of showing that their disclosures and inspections were lawful. We think that's consistent with what the court said, what this court said in Kerry, relying on the Supreme Court's decision in Vujic saying that you have to look at what would be the presumption, the background presumption of whether the activity was lawful or not. In that case, they were saying there should be a presumption that if someone's parachuting into a national park, that it's not authorized by permit, that it's not an emergency situation. Here we would say where Congress has spelled out 13 separate exceptions to the general prohibition against disclosure, some of which are really broad, like 6103H1, which says that returns of return information shall be open to inspection, buy and disclosure to Treasury Department employees who are involved in tax administration. We would say that the background presumption, where there are billions of disclosures being made per year, should be that IRS employees are complying with their jobs and with the law in good faith in accordance with the presumption of regularity. So we think that the burden should be on escrow to come forward and show the exception doesn't apply. But at the end of the day, we think that the transactional relationship test is satisfied, regardless of who has the burden of the proof. Any further questions? It doesn't look like we have any further. Thank you for your patience with our questions. We appreciate your advocacy. Thank you, Your Honor. We'll hear from opposing counsel, please. May I proceed, Your Honor? Thank you. I have a couple of minutes left. I wanted to circle back to a couple of points we talked about during the opening part of the argument and some of the points that Mr. Klein has raised. The United States, and in particular Judge Kerrigan in Hardy, are making the same mistake, which is conflating the question of whether there is a transactional relationship, which we agree with, with the question of whether or not the information that was disclosed actually directly relates to an issue to be resolved in the case. It's not whether or not the transactional relationship is relevant to the case or whether or not the transactional relationship might be, in fact, important to resolving the issues in the case. The question is whether or not these specific documents that the United States seeks to disclose themselves directly relate to an issue to be resolved. Give me a concrete example of something that was disclosed that you think doesn't meet the test. Certainly, Your Honor. I would say, well, I'll start with there is a document that's referred to as M453 funding agreement. That is a document that was created and dated after the transaction in question was consummated. How could that directly relate to the transaction that is at issue in the case? How could that information directly relate to an issue to be resolved? It doesn't mean it wouldn't relate to the transaction. Well, I'll give you an example. I think it might be useful to think about a document that I would have no argument about whether or not it would meet the transactional relationship test in this case, because I think it helps illustrate. And I know I'm out of time, Your Honor. You're not. You have two minutes. OK, I got alarmed by the by the yellow light. Remain calm. Thank you. For example, let's say that the United States went into escrow collaterals audit file and took out the installment agreement. That's at issue in the case. That's a contract between let's just pick one of them, Mr. Hardy and escrow collateral. That includes the terms of the installment agreement. And the issue in the case is whether or not the transaction is entitled to installment treatment under Section 453 of the Internal Revenue Code. That is that is a document that both directly relates to a transactional relationship between the tax a party to the proceeding, Mr. Hardy and the taxpayer whose information is being disclosed as collateral. It also directly relates to an issue to be resolved in the case, whether or not there is an installment agreement, whether or not they are entitled to installment agreement. But even to disclose that document, the United States would have had to come forth with more than just lawyer arguments in a brief. It would have had to come forward with declarations, affidavits, exhibits, things like that. None of that is in the record. The IRS just walked into court. It's submitted a brief and said we're entitled to do that without putting any of that evidence before the court. So we would submit that we have met our burden under the rules of the tax court, that this information should not have been disclosed. And we would ask the court to reverse and enter an order sealing the document. One last question. Yes. I understand your argument. And what I my lingering confusion is, why isn't the relief that you want that the documents just don't get considered in this proceeding as opposed to sealing them? Your Honor, there's case law out there that exclusion is not an appropriate remedy when there has been a violation of Section 6103. That's the only the only remedy available to the taxpayer is an action for damages against the United States. OK, thank you. Thank you for your advocacy. Both of you will take that case under advisement and we'll go on to the next case on the calendar.
judges: SCHROEDER, CHRISTEN, FORREST